UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLIVIA MARTIN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 14-cv-13244-IT |
| | * |
| U.S. DEPARTMENT OF HOUSING AND | * |
| URBAN DEVELOPMENT et al., | * |
| | * |
| Defendants. | * |

ORDER

June 4, 2015

TALWANI, D.J.

Plaintiff Olivia Martin ("Martin") filed her Complaint [#1] against eight defendants on August 4, 2014. On November 14, 2014, the court issued Memorandum and Order [#5] informing Martin that her complaint failed to state a claim on which relief can be granted. The court gave Martin an opportunity to file an amended complaint. On December 18, 2014, Martin filed her Amended Complaint [#7]. On the same day, Martin manually filed five binders of documents with the court, which she identified as exhibits to her complaint. On May 28, 2015, Martin filed a Motion to Combine [#10], which attached additional documents for the court's review.

The court has reviewed Martin's Amended Complaint and the materials submitted with her Motion to Combine and finds, for the following reasons, that these submissions do not state a claim on which relief can be granted.

I.  Martin Cannot Bring Claims For Violations of Criminal Law or the Rights of Her Son

As the court has previously informed Martin, a private citizen cannot bring a criminal action against another party.  See Mem. & Order, 5 [#5].  Accordingly, Martin cannot bring claims against Defendants that they violated criminal law.

In addition, Martin cannot bring claims on behalf of her adult son.  To bring a claim in federal court, a party must have "standing."  Van Wagner Bos., LLC v. Davey, 770 F.3d 33, 36-37 (1st Cir. 2014).  If the Defendants violated Martin's son's rights, he could file a claim in his own name.  Martin, however, cannot seek money damages on his behalf.

II.  Adjudicative Bodies are Immune From Claims That They Decided Cases Wrong

The Massachusetts Commission Against Discrimination and the Boston Fair Housing Commission cannot be sued because they decided to dismiss a complaint or held against a particular party in a dispute.  When these Defendants act in an "adjudicative role" (e.g., when they decide cases or resolve complaints), they are granted absolute immunity from being sued.  See Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass., 904 F.2d 772, 782-84 (1st Cir. 1990).  Accordingly, Martin cannot bring claims against these parties based on her disagreement with how they decided a prior case or complaint.

III.  The Complaint Must Include a "Short and Plain Statement"

Federal Rule of Civil Procedure 8(a) requires that all complaints filed in federal court contain a "short and plain statement" of: (1) the court's jurisdiction, (2) the plaintiff's claim, and (3) the relief plaintiff seeks.  The court cannot review the five binders of documents to try and piece together a claim on Martin's behalf.  Instead, Martin must plainly present her claims in her complaint.  As currently written, Martin's Amended Complaint and accompanying five binders do not meet the requirement that she include a "short and plain statement" of her claims.

The court will give Martin one final opportunity to amend her complaint to state the claims she is seeking to bring for violations of the Fair Housing Act or another federal law. For each such claim, Martin should: (1) identify the defendant, (2) describe what she believes the defendant did that is the subject of her complaint before this court (that is, what did the defendant do, and when and where did it happen), (3) identify what law she believes the defendant's actions violated, and (4) state what relief she believes she is legally entitled to.

Martin's claims must be included within her complaint. The court cannot look through the binders of documents to try to figure out if her complaint states a claim. Accordingly, Martin is directed to retrieve the five binders she submitted from the clerk's office of the federal court at her convenience.

Martin shall file an amended complaint by no later than July 3, 2015. Failure to file an amended complaint shall result in dismissal of this case.

IT IS SO ORDERED.

June 4, 2015 /s/ Indira Talwani
United States District Judge