## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| OLIVIA MARTIN, | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | )     **Civil Action No.** |
| U.S. DEPARTMENT OF HOUSING AND | )     **14-13244-IT** |
| URBAN DEVELOPMENT, et al., | ) |
|  | ) |

_____


### MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

### I.  Introduction

#### A.  Procedural Background

Plaintiff Olivia Martin commenced this action on August 4, 2014, by filing her

Complaint [#1] seeking monetary relief from eight federal state and city agencies for alleged

violations of her rights as a public housing tenant since 1999. On November 14, 2014, the court

issued Memorandum and Order [#5] informing Martin that her complaint failed to state a claim

on which relief can be granted. The court gave Martin an opportunity to file an amended

complaint.

On December 18, 2014, Martin filed her Amended Complaint [#7]. On the same day,

Martin manually filed five binders of documents with the court, which she identified as exhibits

to her complaint. On May 28, 2015, Martin filed a Motion to Combine [#10], which attached

additional documents for the court's review.

On June 4, 2015, the court issued Order [#11] explaining that Martin's pleadings do not state a claim upon which relief can be granted and providing Martin one final opportunity to amend her complaint to state the claims she is seeking to bring for violations of the Fair Housing Act or another federal law. For each claim, Martin was directed to (1) identify the defendant, (2) describe what she believes the defendant did that is the subject of her complaint before this court (that is, what did the defendant do, and when and where did it happen), (3) identify what law she believes the defendant's actions violated, and (4) state what relief she believes she is legally entitled to. *Id.* Now before the court is Martin's Second Amended Complaint [#17].

### B.  The Second Amended Complaint

Plaintiff's Second Amended Complaint is directed towards seven of the eight defendants that were identified in Martin's original complaint. *See* Docket No. 17 ("Sec. Am. Compl.").1 Martin seeks monetary damages for violations of 18 U.S.C. §241 (conspiracy against rights), §242 (deprivation of rights under color of law), §245 (federally protected activities); 42 U.S.C. §1981 (equal rights under the law), §1983 (civil action for deprivation of rights), §1985 (conspiracy to interfere with civil rights); and the Fair Housing Act, 42 U.S.C. §3613 (enforcement by private persons). *Id.* at 6, 11, 16, 21- 22, 26, 29, and 34 - 35. Martin also asserts several state law claims.  *Id.* Martin seeks appointment of counsel. *Id.* at 6.

The Second Amended Complaint describes seven administrative complaints filed by Plaintiff.

1.      Martin v. U.S. Department of Housing and Urban Development

---

1 The Second Amended Complaint does not assert claims against the BHA Legal Department. *Id.*

Martin alleges that on March 16, 2012, she met with Kristen L. Filipic of the Housing and Urban Development and filed a complaint against the Boston Housing Authority. *See* Sec. Am. Compl. at 3. Later in March, she received a letter from Ms. Filipic and Timothy M. Robison stating that Martin's complaint was being reviewed. *Id.* The following month, on April 12, 2012, Susan M. Forward referred Martin's complaint to the Boston Fair Housing Commission for investigation. *Id.* On August 15, 2013, HUD completed its investigation, *id.*, and on August 19, 2013, Martin "left documents with Elizabeth Montaguila for Susan Forward showing that the [HUD determination] was wrong." *Id.* at 4. Martin alleges that on December 8, 2014, she filed a new complaint with defendant Robert D. Forti of HUD. *Id.* at 8. Martin alleges that Filipic, Robinson, Forward, Olga Niese and Victoria L. Williams misrepresented the facts of her case. *Id.* at 6. She complains that Commissioner Ego Ezedi, Pat Tierney and Dmyon Yong misrepresented the facts and upheld a finding of lack of probable cause. *Id.* at 2, 5.

     2.     <u>Martin v. Boston Fair Housing Commission</u>

Martin describes her efforts to file a housing discrimination complaint in the Fall of 2014. *See* Sec. Am. Compl. at 8. Martin complains that Vera Schneider, Patricia Chen, Dion Irish, Olga Niese and Robert D. misrepresented the facts in plaintiff's housing discrimination complaint with the Boston Fair Housing Commission. *Id.* at 10.

     3.     <u>Martin v. Boston Housing Authority Office of Civil Rights</u>

Martin alleges that in 1999 and 2012 she several made several complaints which resulted in defendants Melina McTigue, Nilda Bogas, Christy Doyle and Ira Hammerslough completing Civil Rights Administrative Report Forms (CRARF). *See* Sec. Am. Compl. at 12 - 13. Martin pursued her complaints with the BHA Office of Civil Rights as well as through litigation in state

superior court.  *Id.* at 14 - 15.  Martin complains that these individuals misrepresented plaintiff.

*Id.* at 15.

4.      Martin v. Boston Housing Authority

Martin alleges that beginning in 2001 through 2015 there were exchanges concerning the

tenants named on her lease, penalties for alleged violations of her lease and proceedings to

terminate her tenancy and that Wilbur E. Commedore, Marie Kerins-Gould, Helene C. Maichle,

Joann Moore, Joie Schanze and Joan Shea made misrepresentations. *See* Sec. Am. Compl. at 17 -

21.

5.      Martin v. Mass Commission Against Discrimination (MCAD)

Martin complains that Eric Bone, Victor M. Posada, Sunila Thomas-George, Gregory

Manousos, Charlotte Golar Richie, and Abigail Soto-Colon of the MCAD relied on "fraudulent

documents" that were provided by the Boston Fair Housing Commission. *See* Sec. Am. Compl.

at 23, 25.

6.      Martin v. City of Boston Inspectional Services Department

Martin complains that Toney Jones, an employee of the Boston Housing Authority, failed

to sufficiently respond to complaints concerning an entry doorway and other alleged building

violations.  *See* Sec. Am. Compl. at 27 - 28.

7.      Martin v. City of Boston Police D4

There are eight identified defendants in this pleading.  *See* Sec. Am. Compl. at 30.

Plaintiff includes a list of over three dozen police complaints filed over fifteen years between

1999 and 2014.  *Id.* at 31 - 32.  Martin complains that Jorge Dias, Jose L. Lozano, LaTeisha

Adams, Sgt. Ken Turner; Phillip A. Owens, Jeff Carris, Sgt. Provenzeno and Kearney BPD were

involved in "falsifying evidence," "bias" and "unequal application of the law." *Id*. at 30, 34.

## II.    Discussion

After carefully reviewing the allegations in Martin's Second Amended Complaint,

Martin fails to persuade this court to alter the prior findings set forth in the November 14, 2014

and June 4, 2015 Orders, which are incorporated herein by reference.  Although plaintiff

attempts to set forth her claims in a clearer fashion and attempts to identify the individuals

employed by the various defendants who harmed her, her Second Amended Complaint still fails

to state facts sufficient to support any claims for relief against the agencies Martin has sued.

Moreover, the factual allegations concerning these individuals also fail to show why any of these

individuals may be held liable for violations of the Fair Housing Act and/or the various civil

rights laws referenced in the Second Amended Complaint.  Martin's conclusions that the

defendants (collectively) misrepresented "the facts" are insufficient.

Finally, Martin's Second Amended Complaint fails to address several of the legal

impediments previously noted by this court.  To the extent Martin again asserts claims

concerning adverse decisions by the defendant agencies and organizations, they cannot be sued

based upon her disagreement with how they decided prior cases.  Moreover, she cannot, as a

private citizen, bring a criminal action pursuant to 18 U.S.C. §§ 241, 242, 245.  Because these

criminal statutes do not provide a private right of action, such claims are subject to dismissal.

For these reasons, the court finds that the allegations in Martin's Second Amended

Complaint are insufficient to permit this action to proceed.

## III.    Order

Based upon the foregoing, it is hereby ORDERED that, in accordance with the Orders

dated November 14, 2014 and June 4, 2015, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it is ORDERED that the within action be and it is hereby DISMISSED in its entirety.

**So ordered.**

 /s/ Indira Talwani
Indira Talwani
United States District Judge

Dated: September 26, 2016